FOURTH DEPARTMENT, DECEMBER, 1972

(December 12, 1972)

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CHARLES SMITH, Respondent.— Order unanimously reversed and motion denied. Memorandum: The People appeal from an order granting defendant's motion to suppress evidence of identification of defendant made prior to his arrest by the victim of

a robbery. At that time defendant had no constitutional right to counsel (*Kirby* v. *Illinois,* 406 U. S. 682) and the only valid ground for suppression of the evidence of the identification would be that "'the confrontation * * * was so unnecessarily suggestive and conducive of irreparable mistaken identification that [defendant] was denied due process of law' (*Stovall* v. *Denno,* 388 U. S. 293, 301-302; *People* v. *Rivera,* 22 N Y 2d 453; *People* v. *Ballott,* 20 N Y 2d 600; *People* v. *Brown,* 20 N Y 2d 238)." (*People* v. *Logan,* 25 N Y 2d 184, 187; see, also, *People* v. *Jones,* 38 A D 2d 745.) The victim (Tampa) was assaulted by two black men at 6 o'clock in the afternoon in a very well lighted area. For 15 seconds at the time of the assault he looked directly into the face of the man identified by him as the defendant and he also heard the voices of his assailants. After being treated for his injuries at a hospital he gave descriptions of the men to a police officer in which he said one of them wore a black jacket. The accuracy of the descriptions has not been challenged by defendant. At about 10:00 P.M. after the victim had viewed five suspects and exonerated them, he again gave a description of his assailants to police officer Finnie who said that he knew two people who fit the description Tampa gave. When defendant and his nephew and codefendant were shown to Tampa he identified them as the men who had robbed him and he testified that he was absolutely sure that they were the ones. Defendant contends that the confrontation was suggestive because of the police officer's statement that he knew two people who fit the description and because the police officer had also said that defendant had a black jacket which he sometimes wore although he was not wearing it at the time he was identified. In our opinion the totality of the circumstances surrounding the confrontation sufficiently established that the identification of defendant emanated from the witness and was not the result of a suggestive procedure. In *People* v. *Logan* (25 N Y 2d 184, 189, *supra*) a witness to a hold-up gave a description of the robber to the police who thereafter informed him, "We have a suspect we think might be the man who committed the robbery." The witness identified the defendant at the police station. The court in rejecting the defendant's contention that the pretrial identification was so necessarily suggestive and conducive to an erroneous identification that it violated due process of law, said: "Although Murtha was told he was going to look at a suspect, this is not in and of itself sufficient to contaminate the identification". "Under these circumstances the pretrial identification was not so 'unfair' as to violate due process of law." (*People* v. *Logan, supra,* pp. 192, 193.) In the case at bar as in *Logan* the policeman's statement that he knew two people who fit the description given by the victim and the discussion concerning the black jacket that defendant was wearing at the time of the assault did not constitute such suggestive procedure as would contaminate the identification. (Appeal from order of Onondaga County Court, granting motion to suppress evidence of identification.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.